```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| UNDRAY BRADLEY, | |
|     Petitioner, | |
| vs. | No. 05-2348-Ml/V |
| T.C. OUTLAW, | |
|     Respondent. | |

```
        ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
         ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                               AND
                 NOTICE OF APPELLATE FILING FEE
```

Petitioner Undray Bradley, Bureau of Prisons inmate registration number 02758-025, an inmate at the Federal Prison Camp in Millington, Tennessee, filed a pro se petition, addressed to the United States Court of Appeals for the Seventh Circuit and entitled "Motion under 28 U.S.C. § 2244," in the United States District Court for the Southern District of Illinois on April 21, 2005. Rather than transferring the case to the Seventh Circuit for a determination whether Bradley should be allowed to file a second or successive motion pursuant to 28 U.S.C. § 2255, District Judge J. Phil Gilbert issued an order on May 5, 2005 construing the filing as a petition pursuant to 28 U.S.C. § 2241 and transferring it to this district, where the petitioner's custodian is located. The

petition was docketed in this district on May 9, 2005. The Court issued an order on August 11, 2005 directing the petitioner, within thirty days, to file an in forma pauperis affidavit or pay the habeas filing fee. Bradley paid the filing fee on August 22, 2005.

The petition, on its face, contains no information about the petitioner's offense or conviction, including the district in which it was obtained. A search of PACER indicates that, on March 17, 1999, a federal grand jury in the Southern District of Illinois returned a three-count indictment charging Bradley with distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Pursuant to a written plea agreement, Bradley entered a guilty plea to all three counts of the indictment on April 26, 1999. District Judge David R. Herndon conducted a sentencing hearing on September 17, 1999, at which time Bradley was sentenced as a career offender to one hundred fifty-one (151) months imprisonment, to be followed by a three-year period of supervised release. Judgment was entered on September 22, 1999. Bradley appealed, raising only the issue of whether he qualified as a career offender, and the United States Court of Appeals for the Seventh Circuit affirmed. United States v. Bradley, 218 F.3d 670 (7th Cir.), cert. denied, 531 U.S. 903 (2000).

Bradley filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Illinois on September 28, 2001. Judge Herndon issued an order

denying the motion on March 7, 2003 and, on May 20, 2003, denied a certificate of appealability. The district court docket sheet indicates that Bradley's appeal was denied on September 19, 2003, but it is not clear whether the Seventh Circuit denied a certificate of appealability or affirmed the dismissal of the § 2255 motion on the merits.

The petition indicates that, on January 26, 2005, Bradley filed a § 2244 motion, which was denied on May 20, 2005. Apparently, Bradley filed a motion in the Seventh Circuit asking leave to file a second or successive § 2255 motion, and his application was denied.

Bradley has now filed a petition pursuant to 28 U.S.C. § 2241 in which he contends that he is entitled to relief pursuant to the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 758 (2005).

Habeas corpus would be available to the inmate if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77; cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which

3

the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). For federal prisoners seeking habeas-type relief, the only remedy is through a motion to vacate pursuant to 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997).

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The petitioner carries the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . , or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . , or because the petitioner has been denied permission to file a second or successive motion to vacate.

4

Charles, 180 F.3d at 756; see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Furthermore, the § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. Charles, 180 F.3d at 758.

Subsequent to the decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances under which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. . . . As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758)).[1]

Moreover, in order to obtain relief pursuant to 28 U.S.C. § 2241, the habeas petitioner must be "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not

---

[1] See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (opining that the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

5

effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Peterman, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." Gesuale v. Sanders, 63 Fed. Appx. 875, 876 (6th Cir. May 14, 2003); see also Bousley v. United States, 523 U.S. 614, 623 (1998).

Bradley is not entitled to relief pursuant to Blakely and Booker in this § 2241 petition for several reasons. First, these claims go to the imposition of Bradley's sentence rather than its execution, making them inappropriate for a § 2241 petition. See supra pp. 3-4.

Second, the Sixth Circuit has held that a claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), a precursor to Blakely and Booker, cannot be raised in a § 2241 petition. Bannerman v. Snyder, 325 F.3d 722, 723-24 (2003). The Sixth Circuit explained that "[a] challenge to a sentence based on Apprendi cannot be the basis for an actual innocence claim under Martin [v. Perez]." Id. at 724. Likewise, because Bradley has no valid argument that he is

6

actually innocent, he cannot raise his Blakely and Booker claims in a § 2241 petition.

Third, Bradley has not attempted to demonstrate that the § 2255 remedy is inadequate or ineffective as to his Blakely and Booker claims. In this case, it appears likely that the Seventh Circuit denied leave to file a second or successive § 2255 motion raising these claims. However, that fact, standing alone, does not establish that the § 2255 remedy is inadequate or ineffective. Charles, 180 F.3d at 756.

As Bradley is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the

7

$255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether those requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. United States Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions. Cf. Greene v. Tennessee Dep't of

Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade, 117 F.3d at 951. Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he

must also pay the full $255 appellate filing fee or file a motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 17th day of January, 2006.

                                         <u>/s/ Jon P. McCalla</u>
                                         JON PHIPPS McCALLA
                                         UNITED STATES DISTRICT JUDGE